UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAMIEN RASHAD MONCRIEF | CIVIL ACTION |
| VERSUS | NO. 24-0589 |
| LAFAYETTE CITY POLICE | SECTION "T" (2) |

### ORDER AND REASONS

Plaintiff Damien Rashad Moncrief is incarcerated in the Lafayette Parish Correctional Center in Lafayette, Louisiana. ECF No. 1, ¶ III, at 3. Moncrief filed this *pro se* complaint under 42 U.S.C. § 1983 against defendants Lafayette City Police Department, and Lafayette City Police Officers Todd Reid, Tyier Mitcham, Angerer Holden, Varisco Ryan, Anthony Hills, and Grome Guillory alleging that Officer Reid took $10,000.00 from him, and he wants the money back. *Id.*, ¶IV, at 4; *id.*, ¶V, at 5.

Moncrief also has submitted an application to proceed *in forma pauperis* in this case. ECF No. 2. In light of the decision to transfer this matter, ruling on the pauper application is deferred to the receiving court for consideration.

**I.   VENUE PROVISIONS**

Because § 1983 contains no specific venue provision, venue is determined under the general venue provisions of 28 U.S.C. § 1391.[1] The general venue statute at 28 U.S.C. § 1391(b) provides as follows:

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be

---

[1] *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973).

brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The provisions of 28 U.S.C. § 1404 and § 1406 allow a court to transfer a case from a district in which venue is wrong to another district or division in which venue is proper, when transfer is in the interest of justice.[2] The transfer provisions "'should be regarded as a federal judicial housekeeping measure, dealing with the placement of litigation in the federal courts and generally intended, on the basis of convenience and fairness, simply to authorize a change of courtrooms.'"[3] Some of the interests of justice to be weighed by a transferring court include "the cost and ease of litigation," "the interest in having a case involving local disputes and local law resolved by a local court," and the facilitation of judicial economy and avoidance of duplicitous litigation.[4] A court's transfer inquiry requires an "individualized, case-by-case consideration of convenience and fairness."[5]

## II.      DISCUSSION

Moncrief has presented no basis for this matter to proceed in the Eastern District of Louisiana. Moncrief is currently incarcerated in the Lafayette Parish jail, and is not present in this District. Broadly construing Moncrief's claims, the events about which he complains occurred in the City of Lafayette in Lafayette Parish. *Id*., ¶IV, at 4. The defendants are indicated to be present in the City of Lafayette in Lafayette Parish. *Id*., ¶III(B)-(G), at 4. Lafayette Parish falls within the geographical boundaries of the United States District Court for the Western District of Louisiana.

---

[2] *See Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998).
[3] *In re Rolls Royce Corp.*, 775 F.3d 671, 677 (5th Cir. 2014).
[4] *Id*. at 677-78 (citing *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. W.D. Tex.*, 571 U.S. 49, 62 n.6 (2013)).
[5] *Id*. at 678.

28 U.S.C. § 98(c).  The interests of justice and fairness to the parties dictate that venue is appropriate in the Western District of Louisiana.  Accordingly,

**IT IS ORDERED** that this case is **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

**IT IS FURTHER ORDERED** that determination of pauper status is **DEFERRED** to the United States District Court for the Western District of Louisiana.

New Orleans, Louisiana, this __8th__ day of March, 2024.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE